PER CURIAM:
The claimants, Shannon Vance and Dorothy Vance, seek an award from the respondent, Division of Highways, for damages arising from a traffic accident on September 1, 1994. Shannon Vance is the son of Dorothy Vance and the record owner of the damaged vehicle, a 1988 Chevrolet S-10 pickup truck. The accident occurred at approximately 3:10 a.m. whileMr. Vance was driving himself to work on Route 10 in Logan County. The roadway was wet, and Mr. Vance was traveling at approximately 35 miles per hour. After Mr. Vance drove over the crest of a hill, he observed a fallen tree in the road. The tree was between 20 and 30 feet ahead of his vehicle. Mr. Vance applied the brakes to decelerate, but the vehicle skidded into the tree. The tree was approximately 40 feet long, and it blocked half of Mr. Vance's lance and the entire oncoming lane of the road. As a result of the accident, the vehicle sustained damages and is considered a total loss.
Curley Belcher, an assistant supervisor for the respondent, described Route 10 as a top priority road in Logan County. Mr. Belcher received notice of the fallen tree from law enforcement officials shortly after Mr. Vance's accident. Road crews were dispatched to the scene of the accident and removed the tree. According to Mr. Belcher's testimony, the respondent did not have any notice about the fallen tree prior to the accident.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947). For the respondent to be held liable for damage caused by debris on the roads, it must have had actual or constructive notice of the particular hazard which caused the accident and a reasonable opportunity to remove it. In the claim of Britt v. Dept. of Highways, 14 Ct. Cl. 378 (1983), the Court refused to grant an award where there was no evidence that the respondent had notice of a tree which had fallen across a road, or that the tree had been across the road for a prolonged period of time. After a careful review of the record in this claim, the Court can find no evidence which establishes the respondent had actual or constructive notice of the fallen tree prior to Mr. Vance's accident. Although the accident was unfortunate, without notice of the hazard and a reasonable opportunity to remove it, the respondent cannot be held liable.
In accordance with the findings of fact and conclusions of law as stated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.